UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BARBARA J. DUBOSE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11CV1127 JCH |
| ) | |
| ROBERT PROFFER and APPLE ) | |
| COMPUTERS ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's "Memorandum in Support of Plaintiff's Motion for Remand" ("Motion"), filed July 25, 2011. (ECF No. 8). Defendants filed their Memorandum in Opposition to Plaintiff's Motion to Remand on August 4, 2011. (ECF No. 9). Plaintiff has not filed a reply brief but the time, but time for filing a reply brief has expired. See E.D. Mo. L.R. 4.01©. This motion is fully briefed and ready for disposition.

## **BACKGROUND**

On or around May 16, 2011, Plaintiff Barbara DuBose ("DuBose") filed her Petition against the Robert Proffer and Apple Computers ("Defendants") in the Circuit Court of the City of St. Louis, Missouri (hereinafter "Complaint" or "Compl."; ECF No. 5).[1] On June 24, 2011, Defendants removed the Complaint to this Court based upon federal question jurisdiction. See Notice of Removal, ECF No. 1; 28 U.S.C. §§1331, 1441, 1446.

---

[1]Defendant Proffer was served with the Complaint on May 31, 2011 and the Notice of Removal was filed timely within thirty days of service. (Notice of Removal, ¶5).

As stated above, on May 5, 2011, Plaintiff filed her Motion for Remand, requesting that the Court remand this case to state court for lack of federal question jurisdiction. (ECF No. 9).

## STANDARD FOR REMOVAL/MOTION FOR REMAND

"Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand." Manning v. Wal-Mart Stores East, Inc., 304 F.Supp.2d 1146, 1148 (E.D.Mo. 2004) (citing Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997), cert. denied, 522 U.S. 1075, 139 L. Ed. 2d 753, 118 S. Ct. 852 (1998)). The party seeking removal and opposing remand has the burden of establishing jurisdiction. Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, 561 F.3d 904, 912 (8th Cir. 2009).

## DISCUSSION

In her Complaint, Plaintiff asserts that was denied promotions based upon her gender and race. She asserts that she filed her claim under the Missouri Human Rights Act, R.S. Mo. §§213.010, *et seq*. ("MHRA"), and this Court lacks federal question jurisdiction over her employment discrimination claims. (Motion, p. 2). Plaintiff asserts that her "original Petition does not state a cause of action under the Civil Rights Act of 1964, nor does it make reference to the CRA or any other federal law; the two-count Petition alleges race/gender discrimination (count I) and retaliation (count II)" in violation of the MHRA. (Motion, p. 4). Plaintiff, however, states that she "decided on November 9, 2010 to file an Equal Employment Opportunity Commission ('EEOC') complaint in regards to the denial of promotion." (Motion, p. 2).

In her Complaint, Plaintiff alleges a "violation of the civil rights act of 1964" and "EEOC policies." (Compl., §VI, ¶3). Likewise, Plaintiff's charge of discrimination reference Title VII of the CRA. See ECF No. 8-1, p. 2 ("This is discrimination due to my race and gender and is in violation

of Title VII of the Civil Rights Act of 1964").[2] Plaintiff also states that she was retaliated against after filing her "EEOC claim". (Compl., §VI, ¶4). Plaintiff, however, alleges that she "obtained the right-to-sue under the (MCHR) Missouri Commission on Human Rights." (Compl., §VI, ¶10).

Federal courts are courts of limited jurisdiction. United States v. Afremov, 611 F.3d 970, 975 (8th Cir. 2010). The burden of establishing that a cause lies within the limited jurisdiction of the federal courts is on the party asserting jurisdiction: in this case, the defendants. Id. Federal Rules of Civil Procedure 8(a)(2) provides that the complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Applying the liberal, notice pleading standard, the Court finds that Plaintiff's Complaint provides notice to defendants that she is pursuing a claim under Title VII. Contrary to Plaintiff's assertions, she did not expressly limited herself to seeking relief under state law. "The [well-pleaded complaint] rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). Rather, Plaintiff repeatedly references bringing her claim under Title VII and filing with the EEOC. Meyer v. Choice Hotels Int'l, Inc., No. 4:07-CV-915, 2007 U.S. Dist. LEXIS 42642, at *5 (E.D. Mo. June 12, 2007)(plaintiff stated a federal question where her complaint set out "the factual circumstances behind the alleged discrimination and references an EEOC right-to-sue letter"); see Judkins v. Beech Aircraft Corp., 745 F.2d 1330, 1331-32 (11th Cir. 1994) (filing of EEOC complaint and right-to-sue letter with the district court alleges a complaint under Title VII). Accordingly, the Court finds that Plaintiff's Complaint attempts to state a claim under Title VII and denies Plaintiff's Motion to Remand.

---

[2]Plaintiff dual-filed this Charge of Discrimination with the Missouri Commission on Human Rights and the EEOC. (ECF No. 8-1).

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Remand (ECF No. 8) is **DENIED**.

Dated this  18th  day of August, 2011.

                                             /s/Jean C. Hamilton
                                             UNITED STATES DISTRICT JUDGE